UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SETH DISANTO,

    Petitioner,

v.                                             Case No.:8:13-cv-1452-T-36TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner initiated this action by filing a petition for habeas corpus relief pursuant to 28 U.S.C. Section 2254 (Dkt. 1). Respondent filed a limited response, arguing that the petition should be dismissed as time-barred (Dkt. 10). Petitioner filed a reply (Dkt. 11). The court denied the motion to dismiss and directed Respondent to file a supplemental response (Dkt. 27). Respondent filed a supplemental response (Dkt. 29). Although afforded the opportunity, Petitioner did not file a reply to the supplemental response (see Dkt. 27).

Petitioner alleges four claims for relief:

1.     Trial counsel was ineffective in failing to argue that the trial court lacked discretion to deny Petitioner's oral motion to withdraw his plea, where the motion was made before a) the plea was formally accepted by the court, and b) his sentence was pronounced;

2.     The trial court abused its discretion in denying Petitioner's motion to withdraw his plea;

3.     Trial counsel was ineffective in failing to object to imposition of the maximum sentence; and

4.     Appellate counsel was ineffective in failing to argue that the trial court lacked discretion to deny Petitioner's motion to withdraw his plea.

**I. PROCEDURAL HISTORY**

Petitioner was charged with one count of burglary of a dwelling and one count of possession of cannabis (Respondent's Ex. A). He entered a plea of nolo contendere on July 11, 2008 (Respondent's Exs. B, C). Petitioner requested a continuance of sentencing until September 5, 2008 (Respondent's Ex. C, transcript p. 4). He was granted a second continuance until October 31, 2008 (Respondent's Ex. D, transcript pp. 3-4, 13-14). However, he failed to appear at the October 31, 2008 sentencing hearing (*Id.*, transcript pp. 3-4, 12). During the April 3, 2009 sentencing hearing, Petitioner's oral motion to withdraw his plea was denied, and he was sentenced to concurrent terms of 15 years in prison on the count of burglary of a dwelling and 364 days in prison on the count of possession of cannabis (*Id.*, transcript pp. 12-14). His subsequent *pro se* motion to withdraw his plea (Respondent's Ex. E) and amended motion to withdraw his plea (Respondent's Ex. F) were denied (Respondent's Ex. G). The appellate court per curiam affirmed Petitioner's convictions and sentences on November 16, 2010 (Respondent's Ex. L); *Disanto v. State*, 49 So.3d 764 (Fla. 5th DCA 2010) [table].

Petitioner filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a) (Respondent's Ex. N). The trial court denied the motion (Respondent's Ex. P), and the appellate court affirmed (Respondent's Ex. Q); *Disanto v. State*, 65 So.3d 1064 (Fla. 5th DCA 2011).

Petitioner filed a petition for ineffective assistance of appellate counsel in which he argued that appellate counsel rendered deficient performance in failing to argue on appeal that the trial court had no discretion to deny Petitioner's oral motion to withdraw his plea, since the motion was made before sentencing and "formal" acceptance of the plea by the trial court (Respondent's Ex. U). The appellate court denied the petition (Respondent's Ex. X).

Petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, in which he argued that 1) the trial court erred in denying his oral motion to withdraw his plea because he had an "absolute substantive right to withdraw his plea" prior to sentencing and formal acceptance of the plea by the trial court; and 2) trial counsel was ineffective in failing to a) object to the trial court imposing the maximum sentence, and b) advise the court that Petitioner had an "absolute substantive right to withdraw his plea prior to sentencing and formal acceptance of the plea by the court." (Respondent's Ex. Y). The state court denied this motion on September 7, 2012 (Respondent's Ex. Z). On September 10, 2012, Petitioner filed an amended postconviction motion in which he argued that trial counsel was ineffective in failing to advise the court that it had no discretion to deny Petitioner's oral motion to withdraw his plea. The state court denied the amended motion as successive (Respondent's Ex. DD). Petitioner's appeal was dismissed by the appellate court (Respondent's Ex. II).

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

**A. Standard of Review Under the AEDPA**

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state

4

court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B. Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing

---

[1]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

5

> courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

Finally, "[c]laims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland*." *Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009) (per curiam) (citing *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991)). Appellate counsel's performance is prejudicial if "the neglected claim would have a reasonable probability of success on appeal[.]" *Heath*, 941 F.2d at 1132.

**C. Exhaustion of State Court Remedies; Procedural Default**

Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citations omitted). A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort,

even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 845).

To exhaust a claim, a petitioner must make the state court aware of both the legal and factual bases for his claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its prisoners' federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt*, 348 F.3d at 1358. The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or simply by labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause

for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F. 3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152, 167-70 (1982). The petitioner must show at least a reasonable probability of a different outcome. *Henderson*, 353 F.3d at 892; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Alternatively, a petitioner may obtain federal habeas review of a procedurally defaulted claim if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier*, 477 U.S. at 495-96. A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Henderson*, 353 F.3d at 892. This exception requires a petitioner's "actual" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup*, 513 U.S. at 327.

## III. ANALYSIS

**Ground One**

Petitioner contends that trial counsel was ineffective in failing to advise the trial court that it had no discretion to deny Petitioner's oral motion to withdraw his plea, which was made at the beginning of the April 3, 2009 sentencing hearing (Respondent's Ex. D, transcript p. 5). He argues that pursuant to Rule 3.172(g), Florida Rules of Criminal Procedure, a trial court has no discretion

8

to deny a motion to withdraw a plea when the motion is made before the court has either formally accepted the plea or pronounced sentence.

Initially, Respondent argues that this claim is unexhausted, and now procedurally defaulted, because Petitioner raised the claim in his amended Rule 3.850 motion, which was dismissed as an unauthorized successive Rule 3.850 motion (Dkt. 29, pp. 8-9). The court disagrees that the claim is unexhausted and procedurally defaulted. Although Petitioner raised the claim in his amended Rule 3.850 motion (Respondent's Ex. AA), he also raised the claim in his initial Rule 3.850 motion (Respondent's Ex. Y). While Petitioner may have inartfully presented his claim in the initial motion, he clearly alleged that trial counsel "failed to advise trial court of the defendant's absolute substantive right to withdraw his plea. [sic] When defendant moved to withdraw his plea prior to sentencing and formal acceptance of plea by the court." (*Id.*, p. 6). And in his brief on appeal, Petitioner argued that he had raised this claim in his initial Rule 3.850 motion, but the postconviction court failed to address the claim (Respondent's Ex. HH). Therefore, Petitioner properly exhausted his claim in the state courts. Accordingly, the court will address the claim on the merits.[2]

Petitioner contends that pursuant to Rule 3.172(g), Fla.R.Crim.P., he was entitled to withdraw his guilty plea because the trial court had yet to formally accept the plea or sentence him. Rule 3.172(g) provides that "[n]o plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements, and determinations required by this rule. Until that time, it may be withdrawn by either party without any necessary justification." "[P]rior to a formal acceptance of the plea or pronouncement of sentence, '[u]nder rule 3.172 [(g)], the court

---

[2]The state post-conviction court did not address the claim (Respondent's Ex. Z). And the appellate court dismissed Petitioner's appeal (Respondent's Ex. II). Therefore, there is no state court decision on the merits. Accordingly, the court will make a *de novo* review of this claim. *See Cone v. Bell*, 129 S. Ct. 1769, 1784 (2009) (because state courts did not reach the merits of claim, federal habeas review of claim is *de novo*).

has no discretion. If the court has not formally accepted the plea, it must allow withdrawal.'" *Spargo v. State*, 132 So. 3d 354, 357 (Fla. 1st DCA 2014) (quoting *Campbell v. State*, 125 So. 3d 733, 739 (Fla. 2013)) (alterations in original).

Petitioner was not entitled to withdraw his plea under Rule 3.172(g) because it is apparent that the trial court formally accepted the plea during the July 11, 2008 change of plea hearing (Respondent's Ex. C). After the plea colloquy, the trial judge stated:

> So at this time, sir, I'll find that you are making a knowing, voluntary and intelligent waiver of your constitutional rights, and to the testing of any physical evidence which DNA testing could exonerate you; that you understand the significance of your plea; and that you are represented by competent counsel with whom you are satisfied; and that there's a factual basis in both cases. So that at this time, sir, we're gonna put off your sentencing to the September 5th, that Friday, at nine o'clock a.m. You need
> to be here, and keep in touch with your attorney between now and then.

(*Id*., transcript p. 12).

Petitioner argues that the trial court did not formally accept his plea, apparently because the judge never uttered "the court accepts the plea." (*See* Respondent's Exs. U, p. 2; Y, p. 1). Rule 3.172(g) "does not state, or even imply that the *only* form of 'formal acceptance' is a verbal announcement to the parties, in open court and for the record, that the court accepts the plea." *Campbell*, 125 So. 3d at 740 (citation and internal quotation marks omitted) (emphasis in original). Rather, in Florida a trial court formally accepts a plea by either making "an affirmative statement on the record," or taking "an affirmative act [which shows] that the plea has been accepted, such as actual sentencing of the defendant in accordance with the terms of the plea agreement." *Id*.

This court finds that the state trial court's statements following the plea colloquy that 1) Petitioner voluntarily waived his rights and DNA testing, understood the significance of his plea, and was satisfied with counsel, and 2) there was a sufficient factual basis to support Petitioner's

plea, coupled with the court's statement that sentencing would be continued to a later date, was "a sufficient affirmative statement to the parties made in open court and on the record" that constituted "formal acceptance of [the] plea. . . ." *Id*., at 742. The trial court made and announced the findings it was required to make before accepting a plea. *See* Rule 3.172(a), Fla.R.Crim.P. ("Before accepting a plea of guilty or nolo contendere, the trial judge shall determine that the plea is voluntarily entered and that a factual basis for the plea exists."). And, there would have been no reason to schedule/continue sentencing had the court not accepted Petitioner's plea.

Accordingly, because the plea was formally accepted by the trial court, counsel did not render deficient performance by failing to argue that Petitioner was entitled to withdraw his plea pursuant to Rule 3.172(g). Therefore, Ground One does not warrant relief.

**Ground Two**

Petitioner contends that the state trial court abused its discretion in denying his *pro se* motions to withdraw his plea because 1) he presented sufficient evidence that his plea was unknowing and involuntary, 2) he complied with the state court's instructions to a) appear at the September 5, 2008 sentencing hearing, and b) "not to get arrested" before the October 31, 2008 sentencing hearing, and 3) the court failed to appoint conflict free counsel prior to denying his motion to withdraw his plea. This claim does not present a federal claim cognizable on federal habeas review. Federal habeas relief is only available if a state prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "[F]ederal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension." *Wainwright v. Goode*, 464 U.S. 78, 83 (1983). Thus, a claim that only presents a question of state law is not cognizable in a federal habeas petition. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir.

11

1988). Here, Ground Two presents merely a state law claim based on the trial court's abuse of discretion in denying Petitioner's *pro se* motions to withdraw his plea. Therefore, the claim is not cognizable on habeas review.

Moreover, even if the Court were to construe the claim as asserting a federal constitutional violation, it is procedurally defaulted because in state court Petitioner did not fairly present a federal constitutional violation with respect to this claim. When Petitioner raised this claim on direct appeal, he framed his argument in terms of state law, namely, an abuse of discretion under Florida law (Respondent's Ex. I). For a habeas petitioner to fairly present a federal claim to state courts:

> It is not sufficient merely that the federal habeas petitioner has been through the state courts . . . nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made. Rather, in order to ensure that state courts have the first opportunity to hear all claims, federal courts have required a state prisoner to present the state courts with the same claim he urges upon the federal courts. While we do not require a verbatim restatement of the claims brought in state court, we do require that a petitioner presented his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation.

*McNair v. Campbell*, 416 F.3d 1291, 1302-03 (11th Cir. 2005) (internal citations and quotation marks omitted).

Petitioner framed his claim on direct appeal as an abuse of discretion under state law, rather than federal constitutional law. He did not fairly present a federal due process violation claim. Although his Initial Brief made a passing reference to federal due process (*Id.*, p. 9), he presented no argument or citations in support. If he wanted to fairly present a federal constitutional claim, he should have explained why the trial court's denial of his motions to withdraw denied him the due

process of law guaranteed by the United States Constitution.[3] Because Petitioner did not alert the state appellate court that his claim was federal in nature, he did not satisfy the exhaustion requirement of § 2254.

Any future attempt to exhaust state remedies would be futile under Florida law, since Petitioner may not take a second appeal of his conviction. Therefore, any federal due process claim is procedurally defaulted. A procedural default may be excused through a showing of cause for the default and prejudice arising therefrom, *see Coleman*, 501 U.S. at 750, or a demonstration that failure to consider the claim will result in a "fundamental miscarriage of justice," *see Murray*, 477 U.S. at 495-96. Petitioner has failed to show that he is entitled to federal review under either exception to the procedural bar.

Additionally, even if the federal due process claim were not procedurally barred, it would fail on the merits. In both his motions to withdraw his plea in state court (Respondent's Exs. E, F), and in the instant federal habeas petition, Petitioner failed to identify the evidence which he claimed established that his plea was unknowing and involuntary, and failed to identify and explain the conflict between him and counsel that warranted the appointment of new "conflict free" counsel. Vague and conclusory allegations are insufficient to support a claim for habeas relief. *See Sargent v. Armontrout*, 841 F.2d 220, 226 (8th Cir. 1988) ("When seeking habeas relief, the burden is on the petitioner to prove that his rights have been violated. Speculation and conjecture will not satisfy this

---

[3]*See French v. Warden, Wilcox State Prison*, 790 F.3d 1259, 1270-1271 (11th Cir. 2015) ("federal courts require a petitioner to present his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation. As this Court has observed, a petitioner cannot scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.") (internal citation and quotation marks omitted).

burden.").

Finally, Petitioner's contention that the state trial court should have allowed him to withdraw his plea after he was sentenced to 15 years in prison likewise lacks merit. He essentially argues that the trial court violated the plea agreement by sentencing him to 15 years because his understanding from the plea agreement was that he would receive 53 months in prison, and he did not violate either the plea agreement or the court's warnings, since he appeared at the September 5, 2008 sentencing hearing, and was not arrested before the October 31, 2008 sentencing hearing (although he failed to appear for that hearing).

The United States Supreme Court has held that a defendant may challenge his sentence under the Due Process Clause if he can show that a breach of the plea agreement renders his plea fundamentally unfair. *See Santobello v. New York*, 404 U.S. 257, 262 (1971). Petitioner's sentence of 15 years in prison did not render his plea fundamentally unfair.

On July 11, 2008, the trial court judge clearly advised Petitioner that his failure to appear at sentencing on September 5, 2008, would vitiate the agreement and likely subject him to the maximum lawful sentence, 15 years in prison (Respondent's Ex. C, p. 8). Petitioner acknowledged under oath that he understood (*Id.*, pp. 8-9). Petitioner appeared at the September 5, 2008 sentencing hearing and requested another continuance (Respondent's Ex. J, p. 2). The trial court granted the request, continued the sentencing until October 31, 2008, and warned Petitioner "that if you get arrested between now and that sentencing date. . .you can still get the maximum." (*Id.*). Petitioner acknowledged that he understood (*Id.*).

Petitioner therefore knew that there would be consequences, specifically the possibility that he would receive the maximum sentence, if he failed to appear at, or was arrested before, the

14

sentencing hearing. Nevertheless, he knowingly failed to appear at the October 31, 2008 sentencing hearing, never voluntarily contacted or turned himself in to authorities, and was arrested on additional charges prior to the April 2009 sentencing hearing (Respondent's Ex. N, p. 5).[4] The sentencing judge thereafter imposed a lawful, 15 year sentence pursuant to the conditions set during the plea colloquy and initial sentencing hearing.

Under these circumstances, the state trial court's denial of Petitioner's motions to withdraw his plea and imposition of a 15 year sentence was not fundamentally unfair. Accordingly, the state appellate court's rejection of this claim was not contrary to or an unreasonable application of clearly established law. Therefore, Ground Two warrants no federal habeas relief.

**Ground Three**

Petitioner complains that trial counsel was ineffective in failing to object to the trial court imposing the maximum sentence (15 years in prison). Respondent argues that this claim is unexhausted and procedurally defaulted because Petitioner did not brief these grounds in his post conviction appeal. The Court agrees.

Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. See § 2254(b)(1)(A); *O'Sullivan*, 526 U.S. at 842. To exhaust state remedies a state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

---

[4]The Court takes judicial notice of information available September 21, 2016, contained on the Florida Department of Corrections Offender Information Network, www.dc.state.fl.us, indicating that Petitioner was sentenced on August 6, 2010, for possession of cocaine and resisting arrest on January 22, 2009, in Citrus County, Florida, and judicial notice of information on the Citrus County Sheriff's Office website, www.sheriffcitrus.org, indicating that Petitioner was arrested on January 22, 2009. See Fed. R. Evid. 201.

process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt*, 348 F.3d at 1358-59 (quoting *O'Sullivan*, 526 U.S. at 845). *See also Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (stating that exhaustion of a claim raised in a Rule 3.850 motion includes an appeal from the denial of the motion). Petitioner did not raise this ineffective assistance of counsel claim on appeal from the denial of Rule 3.850 relief (Resp. Ex. HH). His failure to raise this claim in his initial brief resulted in the abandonment of the claim. *See Ward v. State*, 19 So. 3d 1060, 1061 (Fla. 5th DCA 2009) (en banc).

The claim is now procedurally defaulted because any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine, since the state rule requiring submission of an appellate brief bars Petitioner from returning to state court to challenge the denial of this claim in a second appeal of the denial of the Rule 3.850 motion, *see* Fla. R. App. P. 9.141(b)(3)(C), and any further attempt to raise the claim in another Rule 3.850 motion would be subject to dismissal as untimely and successive. *See* Fla. R. Crim. P. 3.850(b), (h). Petitioner has failed to show either cause and prejudice for the default, or that a fundamental miscarriage of justice will result if the claim is not addressed on the merits. Therefore, he is not entitled to federal review of this claim.

Moreover, the claim fails on the merits because it is wholly vague and conclusory. Petitioner has failed to explain why counsel was ineffective in failing to object to imposition of the maximum allowable sentence. Vague and conclusory allegations of ineffective assistance of counsel do not warrant federal habeas relief. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim).

Accordingly, Ground Three does not warrant federal habeas relief.

**Ground Four**

Petitioner asserts that appellate counsel was ineffective in failing to argue on direct appeal that the trial court erred in denying his oral motion to withdraw his plea because Petitioner had an "absolute substantive right" to withdraw his plea before the trial court "formally accepted" his plea or sentenced him. Petitioner raised this claim in his state habeas petition (Respondent's Ex. U), and it was rejected by Florida's Fifth District Court of Appeal without a written opinion (Respondent's Ex. X).

Appellate counsel had no basis to assert a claim that the trial court erred in denying Petitioner's oral motion to withdraw his plea on the ground that the motion was made before the plea was formally accepted by the court and Petitioner sentenced. The record is clear that the issue was not preserved for appellate review because it was not raised before, and ruled on by, the trial court. *See Harrell v. State*, 894 So. 2d 935, 941 (Fla. 2005) ("[W]e hold that the mere filing of a motion to withdraw a plea before sentencing does not preserve the claim that a defendant is entitled to withdraw the plea under rule 3.172(f) because the court failed formally to accept it. To preserve the claim, a defendant must specifically allege the trial court's failure to formally accept the plea.").[5] Thus, appellate counsel cannot be deemed ineffective for failing to raise a meritless claim. *See Ladd v. Jones*, 864 F.2d 108, 109-10 (11th Cir. 1989).

Petitioner has failed to demonstrate that the Florida appellate court's denial of this claim was contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable application of the facts based upon the evidence of record. 28 U.S.C. § 2254(d)(1). Therefore, Ground Four does not warrant federal habeas relief.

---

[5] In 2005, the text of current Rule 3.172(g) was found at Rule 3.172(f). *See* Rule 3.172, Fla.R.Crim.P. (2005).

Any claims not specifically addressed herein have been determined to be without merit.

Accordingly, it is **ORDERED** that Petitioner's petition for a writ of habeas corpus (Dkt. 1) is **DENIED**. The **Clerk** is directed to enter judgment against Petitioner and close this case.

It is further **ORDERED** that Petitioner is not entitled to a certificate of appealability. A petitioner does not have absolute entitlement to appeal a district court's denial of his habeas petition. 28 U.S.C. § 2253(c)(1). A district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner cannot make this showing. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on September 26, 2016.

Charlene Edwards Honeywell
United States District Judge

Copy furnished to:
*Pro Se* Petitioner
Counsel of Record